IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------x
:
CYNTHIA HUCKEL          :   3: 04 CV 399 (JBA)
:
V.                      :
:
TOWN OF OLD SAYBROOK    :   DATE: JULY 18, 2005
:
------------------------------------------------x

## RULING FOLLOWING *IN CAMERA* REVIEW

The factual and procedural history behind this acrimonious litigation was set forth in some detail in this Magistrate Judge's Ruling on Pending Discovery Motions, filed June 23, 2005 (Dkt. #105)["June 2005 Discovery Ruling"], familiarity with which is presumed.[1]

Section I.C. of the June 2005 Discovery Ruling (at 14-15) concerned production of documents of the Old Saybrook Police Department ["OSPD"] relating to Denoia v. Stuart, 2:91 CV 976 (AHN) and Denoia v. Stuart, 2:91 CV 1042 (AHN). The June 2005 Ruling observed:

> While it is not at all clear that the Denoia lawsuits have any relevance to the issues raised here, in an abundance of caution, on or before July 11, 2005, defense counsel shall provide copies of all documents not in the public domain and not already attached as Exhs. 3-4 to Dkt. #64 to the Magistrate Judge's Chambers for her in camera review. If the Magistrate Judge finds that any of the documents are relevant and must be disclosed, a continued deposition will be ordered.

(At 14)(emphasis omitted).

Section I.F. of the June 2005 Discovery Ruling (at 18-19) concerned production of OSPD's documents relating to Lennon v. Town of Old Saybrook, 3:03 CV 2029 (JCH). The June 2005 Discovery Ruling similarly observed:

> As with the Denoia litigation . . ., it is not at all clear that Lennon . . . has any relevance to the issues raised here. However, consistent with the conclusion reached [with respect to Denoia], in an abundance of caution, on or before July

---

[1] On July 5, 2005, plaintiff filed a Motion for Reconsideration (Dkt. #107), with respect to Sections I.A, I.C, I.D, & I.F of this ruling.

> 11, 2005, defense counsel shall provide copies of all documents not in the public domain to the Magistrate Judge's Chambers for her in camera review. If the Magistrate Judge finds that any of the documents are relevant and must be disclosed, a deposition on this issue will be ordered.

(At 19)(internal citations & emphasis omitted).

In accordance with the June 2005 Discovery Ruling, on July 11, 2005, defense counsel delivered to this Magistrate Judge's Chambers nearly three inches of documents relating to the Denoia lawsuits and three inches of documents relating to the Lennon lawsuit. These materials have been filed, under seal, as Dkt. #115.

The Denoia materials included: copies of correspondence between Stuart's attorney and the OSPD; copies of internal OSPD memoranda; copies of the transcripts of plaintiff's three-day deposition in 2:91 CV 976 (AHN); copies of various court filings in Christine Stuart v. Adam Stuart, Dkt. #515191, filed in the Superior Court for the Judicial District of New London (including a mutual restraining order); a copy of the Stipulation to Dismiss, filed August 23, 1993, in 2:91 CV 1042 (AHN); copies of the application for arrest warrant against Adam Stuart; copies of Denoia's medical reports; copies of correspondence to OSPD Chief Mosca from plaintiff; copies of internal memoranda of the New London Police Department; a copy of affidavit of Chief Mosca, sworn to January 27, 1992, in Stuart v. Denoia, Dkt. #91-520797, filed in the Superior Court for the Judicial District of New London; a copy of Laboratory Report, dated August 17, 1992; a copy of answer and affirmative defense in 2:91 CV 1042 (AHN); copies of discovery responses in 2:91 CV 1042 (AHN); a copy of release; and copies of three complaints in Denoia v. Stuart, filed in the Superior Court for the Judicial District of New London and other state court filings.[2]

---

[2] Although the June 2005 Discovery Ruling indicated that it was not necessary to submit filings "already in the public domain," i.e., court filings which are a matter of public record, copies of numerous court filings were provided nonetheless.

These documents recount Denoia's allegations of sexual, physical, and emotional abuse by her ex-husband, now-Lieutenant Adam Stuart, following the breakdown of the marriage, due, in part, to Stuart's friendship and/or relationship with fellow OSPD officer Paula Nash; Nash's brother, Chuck Mercer, is also a police officer with the OSPD. The only allegations even remotely similar to those raised here include: plaintiff Denoia's deposition testimony that she naively relied upon Captain O'Brien to "find out if Adam and Paula were really going to have an affair, but . . . actually he was doing it for his [Adam's] side" (6/20/94 Depo. Tr. At 47-48), and two letters to Chief Mosca, dated June 16 and 23, 1991, complaining, inter alia, about the Chief's refusal to have Stuart and Nash arrested for adultery.[3] However, given the extensive passage of time between the events at issue in the Denoia lawsuits and those raised here, these documents are not relevant.

The Lennon documents included: a copy of defendants' expert report; a copy of defendant Hull's discovery responses; multiple copies of internal OSPD memoranda; multiple copies of internal memoranda by the Connecticut Department of Public Safety; multiple copies of various e-mails and webpages; copy of Judge Hall's Ruling on Defendants' Motion for Summary Judgment; copy of Plaintiff's Local Rule 56(a)2. Statement; multiple copies of Lennon's deposition transcript and of Marien's deposition transcript; a copy of Plaintiff's Memorandum of Law in Opposition of Defendants' Motion for Summary Judgment; a copy of Defendants' Motion for Summary Judgment and Memorandum in Support; a copy of Defendants' Local Rule 56(a)1. Statement and attachments; a copy of plaintiff's discovery responses; and copies of defendant Hull's supplemental discovery responses.[4]

These documents recount Lennon's allegations of physical and sexual abuse by Jon

---

[3]Most of these allegations also appear in the documents found as Exh. 3 to Dkt. #64.

[4]See note 2 supra.

Marien, who had owned a gas station which towed automobiles for the State Police in the shoreline area and who thereafter was employed at Old Saybrook Ford, at which the OSPD purchased and serviced its cars. (Lennon's Depo. at 108-09; Marien's Depo. at 45). Marien testified, however, that of the various OSPD officers who responded to his and Lennon's home on two occasions, he only knew Mercer, who had been a year ahead of him at high school, and did not know any of the others. (Marien's Depo. at 45-46).

At her deposition, Lennon testified that one of the OSPD police officers who interviewed her regarding her accusations of sexual assault was more interested in protecting Marien than helping her (Lennon's Depo. at 91-92, 99-100), at the OSPD station she could hear Marien laughing with other people (id. at 89-90), and another police officer made insinuating comments about Lennon and Marien's sex life (id. at 101-03).[5] Although the allegations made by Lennon bear some resemblance to plaintiff's claims here and are current, Marien is not a police officer with the OSPD. His relationship with OSPD, through the Ford dealership, is not close enough to make him a de facto member of the OSPD. Thus, the Lennon file is not relevant.

Thus, after careful in camera review, the Magistrate Judge agrees that none of these files need be disclosed to plaintiff's counsel.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days**

---

[5]Most of these allegations appear in plaintiff's brief (Dkt. #102, at 7-8) and in U.S. District Judge Janet C. Hall's Ruling on Defendants' Motion for Summary Judgment (3:03 CV 2029 (JCH), Dkt. #35).

4

**after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 18th day of July, 2005.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge