```
                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF CONNECTICUT
```

-----------------------------------------------x
                                               :
CYNTHIA HUCKEL                                 :       3:04 CV 399 (JBA)
                                               :
V.                                             :
                                               :
TOWN OF OLD SAYBROOK                           :       DATE: SEPTEMBER 19, 2005
                                               :
-----------------------------------------------x

## RULING ON PENDING DISCOVERY MOTIONS

The factual and procedural history behind this acrimonious litigation was set forth in some detail in this Magistrate Judge's Ruling on Plaintiff's Motion to Quash, filed June 8, 2005 (Dkt. #96), Ruling Following In Camera Review, filed June 13, 2005 (Dkt. #100), Ruling on Pending Discovery Motions, filed June 23, 2005 (Dkt. #105)["June 2005 Discovery Ruling"], and Ruling Following In Camera Review, filed July 18, 2005 ["July 2005 Discovery Ruling"](Dkt. #116), familiarity with which is presumed.

Briefly, on March 8, 2004, plaintiff commenced this action, stemming from her employment as a police officer with the Old Saybrook Police Department, from February 28, 1999 until July 1, 2004; she alleges that she was subjected to sexual harassment and a hostile work environment. The complaint alleges six counts: retaliation in violation of the First Amendment, under 42 U.S.C. § 1983 (Count One); denial of equal protection under the Fourteenth Amendment, under 42 U.S.C. § 1983 (Count Two); retaliation based on the exercise of speech protected by the First Amendment and CONN. GEN. STAT. § 31-51q (Count Three); breach of implied covenant of good faith and fair dealing (Count Four); harassment and discrimination in the terms and conditions of employment based on gender and/or retaliation, in violation of Title VII, 42 U.S.C. § 2000 et seq. (Count Five); and harassment and discrimination in the terms and conditions of employment based on gender and/or retaliation, in violation of the Connecticut Fair Employment Practices Act (Count Six). On April 30, 2004,

defendant filed its answer and affirmative defenses.  (Dkt. #6).

On March 9, 2005, U.S. District Judge Janet Bond Arterton referred this file to this Magistrate Judge for settlement  (Dkts. ##27 & 29) and on April 11, 2005 for discovery.  (Dkt. #42).  Under the latest scheduling order (Dkt. #129), all discovery is to be completed within thirty days of the rulings on the pending discovery motions.[1]  As the June 2005 Discovery Ruling observed, "the road toward the completion of discovery has not been a pretty one," requiring the judicial resolution of fourteen discovery motions addressed in that ruling. (At 1-2).  Despite fairly harsh language in the June 2005 Discovery Ruling regarding the behavior of counsel, there are now eight additional discovery motions pending, four of which will be addressed in this ruling.[2]

First, on July 5, 2005, plaintiff filed a Motion for Reconsideration (Dkt. #107), with respect to Sections I.A, I.C, and I.F of the June 2005 Discovery Ruling, as to which defendant filed a brief in opposition eight days later.  (Dkt. #114).

Second, on July 11, 2005, defendant filed its Motion for Entry of Protective Order In Accordance with Magistrate Judge's Ruling and brief in support (Dkts. ##108-09),[3] as to which

---

[1] On September 6, 2005, defendant filed a Motion for Pre-Motion Conference (Dkt. #127) with respect to an anticipated motion for summary judgment.

[2] Plaintiff's Motion for Protective Order re: Records From Southern Connecticut State University, and plaintiff's Motion to Seal Ruling on In Camera Review Re: Records from Southern Connecticut State University, and Ruling No. 100, both filed August 5, 2005 (Dkts. ##122-23), will be addressed in a separate ruling.

The briefing has not been completed with respect to plaintiff's Motion to Quash and for Protective Order Re Subpoena for Deposition of David Huckel, filed August 26, 2005 (Dkt. #125) and plaintiff's Motion for Answers and Objections to Requests for Admissions Order, filed September 2, 2005 (Dkt. #128).

[3] The following exhibits were attached to the brief (Dkt. #109): affidavit of defense counsel, dated July 8, 2005 (Exh. 1), copy of correspondence from defense counsel to plaintiff's counsel, dated June 29, 2005, to which a proposed Motion for Entry of Stipulated Protective Order and Stipulated Protective Order were attached (Exh. 1.A); copy of correspondence from defense counsel to plaintiff's counsel, dated July 5, 2005 (Exh. 1.B); and copies of e-mail correspondence between counsel, dated July 6, 7 & 8, 2005 (Exhs. 1.C - 1.I).

plaintiff filed a brief in opposition sixteen days later.  (Dkt. #118).[4]

Third, on July 12, 2005, defendant filed its Motion for Protective Order Regarding Personnel Records of Town's Employees and Former Employees, and brief and affidavit in support.  (Dkts. ##110-12).[5]  Plaintiff did not file a brief in opposition to this motion.

And last, on July 27, 2005, plaintiff filed her Cross-Motion for Entry of Protective Order re Ex Parte Contacts with Non-Managerial Employees of the Town of Old Saybrook (Dkt. #118),[6] as to which defendant filed a brief in opposition on August 1, 2005.  (Dkt. #120).

## I.  DISCUSSION

### A.  MOTIONS RELATING TO PLAINTIFF'S *EX PARTE* CONDUCT WITH NON-MANAGERIAL TOWN EMPLOYEES (Dkt. #107, ¶ 1; Dkts. ##108 & 118)

As previously indicated, in this motion, plaintiff seeks reconsideration of Sections I.A, I.C, and I.F of the June 2005 Discovery Ruling (¶1, at 1-2).  Section 1.A addressed "what is the extent of defense counsel's relationship with non-party employees of [the Town of Old Saybrook] and the corollary question of whether plaintiff's counsel may engage in ex parte communications with these employees."  (June 2005 Discovery Ruling, at 5).   After an analysis of Rule 4.2 of the Connecticut Rules of Professional Conduct, and numerous federal and state court decisions applying Rule 4.2 to corporate or municipal employees (id. at 7-11), the June 2005 Discovery Ruling held that as to nine municipal employees who had managerial

---

[4] A copy of a draft Protective Order Re: Ex Parte Contacts With Non-Managerial Employees of the Town of Old Saybrook.

[5] The following seven exhibits were attached: copy of e-mail correspondence from defense counsel to plaintiff's counsel, dated June 8, 2005, with another copy of the draft Motion for Entry of Stipulated Protective Order and Stipulated Protective Order attached (Exh. A); copy of correspondence between counsel, dated June 15, 20 & 23, 2005 (Exhs. B-F); and copy of correspondence from defense counsel to plaintiff's counsel, dated June 27, 2005, with proposed Stipulated Protective Order attached (Exh. G).

[6] See note 4 supra.

status with the Town (id. at 9),[7] "defense counsel for the Town is deemed to represent these individuals under Rule 4.2 and plaintiff's counsel may not engage in ex parte communications with them, nor may she inquire into any matters that would violate the attorney-client privilege." (Id. at 11). In contrast, as to the other individuals found not to have managerial status with the Town (id. at 9-11), the June 2005 Discovery Ruling held:

> defense counsel is not deemed to represent these individuals and plaintiff's counsel may engage in ex parte communications with them. However, consistent with the Rivera [v. Rowland, No. CV95-545629, 1996 WL 753943 & 1996 WL 753941 (Conn. Super. Ct. Dec. 17, 1996)], Morrison [v. Brandeis University, 125 F.R.D. 14, 19-20 (D. Mass. 1989)] and Bartkus [ v. Meachum, Civil No. H-80-506(JAC)(D. Conn. Nov. 4, 1991, approved Nov. 22, 1991)] decisions, a protective order shall enter under which all non-managerial employees of the Town of Old Saybrook will be advised by plaintiff's counsel, prior to any ex parte communications, of the adversarial nature of the conversations, of their right to refuse to speak or insist on the presence of counsel, and with full understanding that what they say could be used in the discovery and trial phases of this case and could be made public.

(Id. at 11). Counsel were instructed to submit an appropriate Protective Order by mid-July 2005. Counsel were not able to agree on the terms of a proposed Protective Order. (Dkt. #109, at 2-4 & Exh. 1, ¶¶ 3-12, Exhs. A-I; Dkt. #118, at 4).[8]

In her Motion for Reconsideration (Dkt. #107) with respect to Section I.A of the June 2005 Discovery Ruling, plaintiff argues that these restrictions should also be placed upon defense counsel, not "unilaterally" upon plaintiff's counsel. (At 1-2). In its brief in opposition, defendant argues that these restrictions are not applicable to defense counsel since "interactions and communications by the Town's attorneys with employees of various levels are necessary" in order for defense counsel to represent their client, and the "Town's

---

[7] See note 8 infra.

[8] Counsel did agree that Clifford Barrows is a Lieutenant with the Old Saybrook Police Department and is therefore a managerial employee. (Dkt. #109, Exh. 1, ¶13 & Exhs. A & I). Barrows previously had been identified as a police officer and thus was held to be a non-managerial employee. (June 2005 Discovery Ruling, at 6 & n.21, 9).

attorneys have not engaged in any improper questioning or contact with any witness." (Dkt. #114, at 1-2.  See also Dkt. #120, 2-3).

In its Motion For Entry of Protective Order (Dkt. #108), defendant submitted a proposed Protective Order which indicated that plaintiff's counsel shall refrain from any ex parte contacts with managerial employees of the Town regarding this case, and that prior to any ex parte communications with non-managerial employees of the Town, plaintiff's counsel is to advise such employees as follows: (1) that she represents plaintiff in this action; (2) that the purpose of the contact is in connection with this lawsuit; (3) that the person has the right to refuse to speak with plaintiff's counsel and that such decision will be respected; (4) that if he or she chooses to speak with plaintiff's counsel, that person has the right to insist on having his or her personal attorney and/or the Town's attorney present during any communications and/or interviews; (5) that if the person wishes to consult with defense counsel prior to any ex parte communication with plaintiff's counsel, the person be informed of the name and telephone number of the Town's attorneys; and (6) that what the person says and/or any information obtained from him or her by plaintiff's counsel could be used in the preparation and trial of this case and could be made public.  (At 1-2).

In her brief in opposition and Cross-Motion for Entry of Protective Order, plaintiff objects to the fourth item insofar as it informs a non-managerial employee that he or she has the right to insist that the Town's attorneys be present during the communication and/or interview, and to the fifth item which requires identification of the Town's attorney if the person wishes to consult with defense counsel. (Dkt. #118, at 1-2).  Plaintiff argues that the June 2005 Discovery Ruling did not order these provisions; if defense counsel attends the interview, it is no longer ex parte; defense counsel's presence at such interview would violate the attorney work product doctrine; non-managerial employees are more likely to seek the

"free" use of defense counsel than to retain their own private attorneys; having Town counsel in attendance might mislead a non-managerial employee into believing that the Town attorneys represent him or her; and having Town counsel at these interviews would be intimidating to a non-managerial employee and might disclose information which is not otherwise required to be disclosed. (Id. at 2-3).  As before, plaintiff further asserts that the Protective Order ought to be mutual.  (Id. at 4).

As defendant properly argues, the Protective Order need not be mutual because unlike defendant, plaintiff is an individual who does not have employees.  And contrary to plaintiff's concerns, the Rivera, Morrison and Bartkus decisions all contemplate the presence of defense counsel, if the non-managerial employee so requests.  Rivera, 1996 WL 753943, at *6 & 1996 WL 753941, at *1-2; Morrison, 125 F.R.D. at 19-20; Bartkus, slip op. at 4.  Similar to the Protective Orders in the Rivera, Morrison and Bartkus decisions, the following Protective Order shall apply here:

  1.  Plaintiff's counsel shall refrain from any ex parte contacts with managerial employees of the Town of Old Saybrook ["Town"] regarding this case.

  2. Prior to any substantive ex parte communications with non-managerial employees of the Town, plaintiff's counsel shall advise all non-managerial employees of the Towns as follows:

  a. When plaintiff's counsel initially contacts any non-managerial employee, she shall immediately identify herself by name, as counsel for the plaintiff in this case, and shall inform such employee of her desire to discuss the case;

  b. Plaintiff's counsel shall inform such employee that permission for the contact is being made pursuant to a court order.

  c. Plaintiff's counsel shall inform such employee that the decision as to whether or not to consent to a discussion is completely up to such employee and that such employee's decision will be respected by all parties;

  d. Plaintiff's counsel shall inform any such employee that any information obtained may be used by plaintiff in the preparation and trial of this case and can be expected to be made public;

e. Plaintiff's counsel shall inform any such employee that if such employee so desires, a requested interview shall take place only in the presence of the employee's personal attorney and/or the Town's counsel, which decision will be respected by all parties. In the event such employee wishes to consult with the Town's counsel, plaintiff's counsel shall provide the name and telephone number of the Town's counsel.

f. Plaintiff's counsel may advise such employee of the prohibition set forth in paragraph 3 infra. If any such employee contacts the Town's counsel, the Town's counsel shall advise such employee of the prohibition set forth in paragraph 3 infra, and the Town's counsel also shall inform such employee that the Town's counsel is not his or her attorney with respect to this litigation. If, after being so advised, such employee wishes to retain his or her personal attorney, such employee's decision will be respected by all parties.

3. The Defendant Town of Old Saybrook shall take no action, directly or indirectly, to inhibit, limit, or discourage contacts permitted by this Protective Order or to suggest that any adverse consequences whatever will result if non-managerial employees choose to be interviewed by plaintiff's counsel.

Rivera, 1996 WL 753941, at *1-2; Morrison, 125 F.R.D. at 19-20; Bartkus, slip op. at 4.

Accordingly, plaintiff's Motion for Reconsideration (Dkt. #107), as to Part I.A of the June 2005 Discovery Ruling, is granted, but the Magistrate Judge adheres to the conclusion previously reached in the Ruling; and defendant's Motion for Entry of Protective Order (Dkt. #108) and plaintiff's Cross-Motion for Entry of Protective Order Re: Ex Parte Contact With Non-Managerial Employees of the Town of Old Saybrook (Dkt. #118) are granted in part and denied in part to the extent set forth above.

B. PLAINTIFF'S MOTION FOR RECONSIDERATION (Dkt. #107, ¶¶ 2-6)

The remainder of plaintiff's Motion for Reconsideration (Dkt. #107) concerns Sections I.C, and I.F of the June 2005 Discovery Ruling. In ¶ 2, plaintiff objects to the comparison in Section I.C of the sexual activities of the Old Saybrook Police officers to Wisteria Lane of Desperate Housewives fame, claiming that such comparison "trivializ[es]" plaintiff's allegations. (Dkt. #107, at 2-3). The analogy was not directed to the women involved in these incidents, but rather the police officers involved. In any event, plaintiff's Motion for Reconsideration (Dkt. #107) is granted with respect to ¶ 2.

7

In ¶¶ 3-6, plaintiff objects to Sections I.C and I.F of the June 2005 Discovery Ruling on the following grounds: she objects to the "derogatory statement" made in Section I.F. about plaintiff's personal conduct, namely that she "had a [prior] romantic and/or sexual relationship" with Jay Rankin; she objects to an in camera review of documents pertaining to the Denoia lawsuits and the Lennon lawsuit in Sections I.C and I.F; and she objects to restricting the in camera review to documents "not in the public domain" because this restriction is "unclear, unmanageable, and effectively renders the in camera review illusory." (Dkt. #107, at 3-8).

Section I.D. of the June 2005 Discovery Ruling summarizes Rankin's deposition testimony regarding one instance of sexual contact between plaintiff and Rankin in 1999 and 2000, and a conversation with sexual banter approximately five years later (citing Dkt. #69, Exh. A). In her reply brief (Dkt. #74), plaintiff did not dispute the first encounter but contends that it was not consensual. The comment in Section I.F. is not a finding of fact binding upon a jury, but rather a summarization of the evidence as presented to the Court with respect to these discovery motions. Insofar as the July 2005 Discovery Ruling was issued following a lengthy in camera review of documents submitted by defendant regarding the Denoia lawsuits and the Lennon lawsuit, plaintiff's request for reconsideration is moot. As the July 2005 Discovery Ruling indicates, defense counsel submitted copies of numerous court filings (at 2-3 & n. 2), so that plaintiff's reservation that the in camera review would be too narrow is unfounded.

Accordingly, plaintiff's Motion for Reconsideration (Dkt. #107) is granted with respect to ¶ 2 in that the second sentence of the first paragraph of Section I.C. is withdrawn, and is granted as to ¶ 3 with respect to plaintiff's alleged relationship with Rankin but the Magistrate Judge adheres to the same conclusion as previously reached in Section I.F., and is denied as moot as to ¶¶3-6 with respect to the *in camera* review of the *Denoia* lawsuits and the

*Lennon* lawsuit.

### C. DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING PERSONNEL RECORDS OF TOWN'S EMPLOYEES AND FORMER EMPLOYEES (Dkt. #110)

Defendant filed this motion on July 12, 2005 and represents in its brief and affidavit of counsel that plaintiff does not consent.  (Dkt. #111, at 3-4; Dkt. #112, ¶¶ 3-11 & Exhs. A-G). Plaintiff has failed to file a timely brief in opposition.  Accordingly, defendant's Motion for Protective Order Regarding Personnel Records of Town's Employees and Former Employees (Dkt. #110) is granted.

### II. CONCLUSION

For the reasons stated above, plaintiff's Motion for Reconsideration (Dkt. #107), as to ¶ 1 is granted, but the Magistrate Judge adheres to the conclusion previously reached in Section I.A of the June 2005 Discovery Ruling; is granted with respect to ¶ 2 in that the second sentence of the first paragraph of Section I.C. is withdrawn; is granted as to ¶ 3 with respect to plaintiff's alleged relationship with Rankin but the Magistrate Judge adheres to the same conclusion as previously reached in Section I.F.; and is denied as moot as to ¶¶ 3-6 with respect to the *in camera* review of the *Denoia* lawsuits and the *Lennon* lawsuit;

Defendant's Motion for Entry of Protective Order (Dkt. #108) and plaintiff's Cross-Motion for Entry of Protective Order Re: Ex Parte Contact With Non-Managerial Employees of the Town of Old Saybrook (Dkt. #118) are granted in part and denied in part to the extent set forth in Section I.A. *supra*; and

Defendant's Motion for Protective Order Regarding Personnel Records of Town's Employees and Former Employees (Dkt. #110) is granted.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the

Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.[9]

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 19th day of September, 2005.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge

---

[9]If either counsel believes that a third settlement conference before this Magistrate Judge would be productive (see Dkts. ## 38-39 & 95), he or she should contact Chambers accordingly.